BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for ROBERT BRIER GWINN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Brier Gwinn,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Gale Force, Inc., David A. Wight, individually, and the vessel, Nan-Bellis-Jo, with her tackle, engines, gear and appurtenances, *in rem*,<br><br>　　　　Defendants. | Civil No. CV 08 1080<br><br>**COMPLAINT FOR PERSONAL INJURY DAMAGES**<br><br>(Seaman's Action for Personal Injuries Damages Without Prepayment of Costs)<br><br>JURY TRIAL DEMANDED |

　　　　Plaintiff, ROBERT BRIER GWINN (formerly known as Robert Walter Wallace), claims against defendants, GALE FORCE, INC., DAVID ALLEN WIGHT and the vessel, NAN-BELLIS-JO, by reason of their joint and several liability, for a sum in excess of One Million and 00/100 Dollars ($1,000,000.00) and for plaintiff's respective causes of action alleges:

**GENERAL ALLEGATIONS**

1.　Jurisdiction: This Honorable Court's subject matter jurisdiction over this seafarer's claims against defendants, and each of them, arises under 28 U.S.C. §1333(1) and pursuant to the Jones Act, 46 U.S.C., §30104 and/or the General Maritime Law.

2.　Intradistrict Assignment: Under local Rules 3-2 and 3-5 the events giving rise to this law suit occurred in Humbolt County, State of California; further, plaintiff is a resident of Humbolt County, State of California. Therefore, this action should be assigned to the San Francisco

---

COMPLAINT FOR PERSONAL INJURY DAMAGES
[\gwinn v gale force\trialarb\complaint]　　　　1

Division of this Court. Moreover, at all relevant times, the defendants, and each of them were doing business within the geographical boundaries of this Honorable Court's jurisdiction.

3. Plaintiff elects to take advantages of the provision of 28 U.S.C., Sec. 1916 and to proceed herein without prepayment of costs and fees and without security therefor.

4. Plaintiff demands a jury trial.

5. The date ("SUBJECT DATE" hereinafter) of the complained of accident and incident was on or about June 1, 2007.

6. The vessel subject of these claims is the NAN-BELLIS-JO ("SUBJECT VESSEL" hereinafter).

7. Plaintiff was a commercial fisherman, at all relevant times, who was injured in the course and scope of employment as a crewmember of the complement of the SUBJECT VESSEL.

8. At all relevant times, the defendant, David Allen Wight, so conducted and/or failed to conduct the activities and/or finances and/or financial dealings of the defendant, Gale Force, Inc., as to convert Gale Force, Inc. into an alter ego of David Allen Wight. Wherefore, David Allen Wight is as fully liable in damages to the plaintiff, Robert Brier Gwinn, as is Gale Force, Inc.

## FIRST CAUSE OF ACTION

### (Jones Act Negligence)

9. Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

10. At all relevant times, plaintiff was employed aboard the subject vessel by Gale Force, Inc. and/or David Allen Wight (Jointly and severally referred to as "EMPLOYER" hereinafter) in the capacity of deckhand at the rate of pay and for the term set forth between plaintiff and EMPLOYER, plus bonus and found.

11. At all relevant times, it was feasible for EMPLOYER to provide to plaintiff, and EMPLOYER owed to plaintiff duties of care, inter alia, to provide plaintiff with competent and timely safety planning, competent supervision, reasonable training under the foreseeable circumstances, non-violent fellow crewmembers who were reasonably competent and

1  reasonably fit for service, a safe place to work, full and proper and timely maintenance and cure.

12. On or about the SUBJECT DATE, EMPLOYER negligently breached the abovesaid duties of care owed to plaintiff by failing to fulfill and/or provide any and or all of those particular duties or others as may be disclosed upon discovery hereafter. Further said breaches of duty legally contributed to cause plaintiff to suffer, directly or indirectly, the hereinafter complained of injuries for which EMPLOYER is liable to plaintiff in damages.

13. On or about the SUBJECT DATE, plaintiff was engaged in the general course and scope of the aforesaid employment and while in the general performance of same and as a legal result of negligence imputable to EMPLOYER, plaintiff was caused to suffer severe injuries, some of which may be permanent in nature, including but not limited, to plaintiff's head and mouth. The full extent of all such injuries, conditions and disturbances is not yet precisely known; wherefore, leave to more particularly allege is prayed.

14. By reason of and as a legal result of the foregoing premises, plaintiff has in the past and shall in the future continue to be legally caused to suffer injuries and damages:

   (a) For the compensable value of physical injuries, pain and suffering.
   (b) For the loss of wages and earning power.
   (c) For the compensable value of medical treatment and related services.
   (d) For the compensable value of the loss of life's pleasures.
   (e) For Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary.
   (f) For prejudgment interest at the legal rate accrued to time of trial.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as hereinafter appears.

## SECOND CAUSE OF ACTION

### (Unseaworthiness)

COMPLAINT FOR PERSONAL INJURY DAMAGES
[\gwinn v gale force\trialarb\complaint]                3

15. Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

16. This Honorable Court has subject matter jurisdiction pursuant to the General Maritime Law.

17. At all relevant times, Gale Force, Inc. and/or David Allen Wight (Jointly and severally referred to as "OWNER" hereinafter) was the owner, bareboat charterer and/or, otherwise, owner pro hac vice of the SUBJECT VESSEL.

18. At all relevant times, it was feasible for OWNER to provide to plaintiff and OWNER owed duties to plaintiff to provide a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Nevertheless, OWNER breached said duty of care by failing to provide any and or all of these particulars or others as may be disclosed upon discovery hereafter. Further said breaches of duty proximately contributed to cause plaintiff to suffer the hereinafter complained of injuries for which OWNER is liable to plaintiff in damages.

19. On or about the SUBJECT DATE, plaintiff was engaged in the general course and scope of said seafarer's duties as deckhand for the SUBJECT VESSEL and, while in the general performance of same and as a proximate result of unseaworthiness imputable to OWNER, plaintiff was caused to suffer severe injuries, some of which may be permanent in nature, including but not limited, to plaintiff's head and mouth. The full extent of all such injuries, conditions and disturbances is not yet precisely known; wherefore, leave to more particularly allege is prayed.

20. By reason of and as a proximate result of the foregoing premises, plaintiff has in the past and shall in the future continue to be legally caused to suffer injuries and damages:

   (a) For the compensable value of physical and emotional injuries, pain and suffering.
   (b) For the loss of wages and earning power.
   (c) For the compensable value of medical treatment and related services.
   (d) For the compensable value of the loss of life's pleasures.
   (e) For Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary.

COMPLAINT FOR PERSONAL INJURY DAMAGES
[\gwinn v gale force\trialarb\complaint]                 4

1  (f)     For prejudgment interest accrued to time of trial.
2  All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.
3  Plaintiff demands a trial by jury.
4  WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as
5  hereinafter appears.

### THIRD CAUSE OF ACTION

(Maintenance & Cure)

8  21.   Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if
9        fully set forth herein.
10 22.   At all relevant times, plaintiff was employed aboard the subject vessel by Gale Force, Inc.
11        and/or David Allen Wight ("EMPLOYER" hereinafter) in the capacity of deckhand for the
12        agreed upon period of season and/or specie.
13 23.   At all relevant times, Gale Force, Inc. And or David Allen Wight ("OWNER" hereinafter)
14        was the owner, bareboat charterer and/or, otherwise, owner pro hac vice of the SUBJECT
15        VESSEL.
16 24.   On or about the SUBJECT DATE, plaintiff was generally employed by EMPLOYER and
17        generally in the service of the SUBJECT VESSEL.
18 25.   On or about the SUBJECT DATE, plaintiff became injured and/or ill, and thereby rendered
19        Not Fit For (sea) Duty, which Duty Status was legally caused, in whole or in part, by an
20        incident occurring during the time this seafarer was in the service of the SUBJECT VESSEL;
21        alteratively, said Not Fit For Duty status first manifested during the time this seafarer was
22        in the service of the SUBJECT VESSEL; alternatively, said Not Fit For Duty status arose
23        from a pre-existing condition which was aggravated during the time this seafarer was in the
24        service of the SUBJECT VESSEL.
25 26.   On or about the SUBJECT DATE, and ever since, plaintiff sought the benefits of
26        Maintenance and Cure from EMPLOYER and/or OWNER.
27 27.   On or about the SUBJECT DATE, and ever since, EMPLOYER and/or OWNER has refused
28        to tender the benefits of Maintenance and Cure.

COMPLAINT FOR PERSONAL INJURY DAMAGES
[\gwinn v gale force\trialarb\complaint]                5

28. On or about SUBJECT DATE, and on other dates thereafter, and ever since, EMPLOYER and/or OWNER has unlawfully underpaid plaintiff for a reasonable amount of daily Maintenance.

29. On or about SUBJECT DATE, and on other dates thereafter, and ever since, EMPLOYER and/or OWNER has unlawfully insisted that plaintiff waive and release EMPLOYER and OWNER from potential and/or actual claims as a condition of the payment of Maintenance to plaintiff.

30. On or about SUBJECT DATE, and on other dates thereafter, and ever since, EMPLOYER and/or OWNER has wrongfully failed and/or refused to provide Cure to plaintiff in breach of duties said defendants owed to plaintiff.

31. By reason of the foregoing premises and as a legal result thereof, plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which the EMPLOYER and/or OWNER is liable to plaintiff; that is:

(a) Physical injury, pain and suffering,

(b) Indebtedness for health care expense,

( c) Loss of wages and/or earning power.

All said injuries and damages in an extent not now precisely known; wherefore, leave is prayed to amend when precise information is ascertained.

32. The EMPLOYER's and/or OWNER's failure to pay and/or provide maintenance and cure benefits to plaintiff was wilful, intentional, and/or the product of callous indifference and constitute breaches of duties of care owed to plaintiff to thoroughly investigate and, in case of doubt, to provide the benefit anyway and by reason of this recalcitrant conduct by EMPLOYER and/or OWNER, plaintiff has and will be compelled to retain legal counsel, to institute this litigation and to incur attorneys' fees and costs related to his attorneys' efforts to secure the benefit of maintenance and cure for him: thereby suffering damage, legally cause by EMPLOYER's and/or OWNER'S said conduct and for which damage, EMPLOYER and/or OWNER is liable to plaintiff. All said injuries and damages in an extent not now precisely known; wherefore, leave is prayed to amend when precise information is

1 | ascertained.

2 | WHEREFORE, plaintiff claims of defendants, and each of them, for damages as hereinafter appears.

4 | WHEREFORE, plaintiff demands a trial by jury and claims against defendants, and each of them, as for the below-listed damages, in total in excess of $1,000,000.00 as for:

1. General damages according to proof.
2. Special damages according to proof.
3. Maintenance & Cure according to proof.
4. Attorneys fees according to proof.
5. Prejudgment interest at rates applicable.
6. Costs of suit.
7. Such other, further relief as the court may deem proper and just.

DATED: February 20, 2008                              BERSCHLER ASSOCIATES, PC.

*[signature]*

Arnold I. Berschler, attorneys for
ROBERT BRIER GWINN, plaintiff.